IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES KINNEY,

       Civil No. 07-213-MO

     Petitioner,

   v.

B. BELLEQUE,

       OPINION AND ORDER

     Respondent.

    Samuel C. Kauffman
    Garvey Schubert Barer
    Eleventh Floor
    121 SW Morrison Street
    Portland, Oregon 97204-3141

       Attorney for Petitioner

    John R. Kroger
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

       Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state-court convictions and sentences. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

Based on crimes petitioner committed against his step-daughter, he was indicted on charges of Sodomy in the First Degree, Sodomy in the Second Degree, Assault in the Fourth Degree, and two counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. A jury unanimously found petitioner guilty, and the trial court sentenced him as a dangerous offender to consecutive sentences totaling 522 months in prison. Respondent's Exhibit 110, pp. 73-75.

Petitioner filed a direct appeal, but later moved to voluntarily dismiss that appeal. Respondent's Exhibits 111 & 112.

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 133 & 134. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Kinney v. Morrow*, 206 Or. App. 768, 140 P.3d 582, *rev. denied*, 342 Or. 253, 149 P.3d 1212 (2006).

Petitioner filed this 28 U.S.C. § 2254 habeas action on February 13, 2007 in which he raises a total of 23 claims which need not be restated here. Without abandoning any of these claims, petitioner elects to provide specific argument in support of two ground for relief:

1. Trial counsel was constitutionally ineffective when he failed to adequately object to the expert testimony in this case; and

2. *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004) should be applied retroactively to invalidate petitioner's 30-year dangerous offender sentence.

Respondent asks the court to deny relief on the Petition because: (1) all of the claims are procedurally defaulted; (2) the state court decisions are entitled to deference; and (3) all of the grounds lack merit.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v.*

*Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner failed to fairly present any claims during direct review because he never raised any claims to either the Oregon Court of Appeals or the Oregon Supreme Court.

During his state collateral review, he raised a single claim in his Petition for Review:  whether the rule announced in *Apprendi* applies retroactively to cases on collateral review.  Respondent's Exhibit 139.  Petitioner had previously raised this claim in his

PCR Petition, but it was rejected by the PCR trial court on procedural grounds because, under the circumstances of petitioner's case, Oregon law does not permit due process challenges in a PCR action. Specifically, the PCR trial court concluded that "[p]etitioner's claims of trial court error are barred by *Palmer v. state of Oregon*, 318 Or. 352 (1994), *Lerch v. Cupp*, 9 Or. App. 508 (1972), and *Hunter v. Maass*, 106 Or. App. 438 (1991)." Federal habeas courts are bound by such state-court interpretations of state law. *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law."). Because petitioner did not raise his due process claim in the manner required by Oregon's state courts, he failed to fairly present it. As there is no further opportunity to fairly present his claim, it is procedurally defaulted.

Petitioner argues that he can demonstrate cause and prejudice sufficient to excuse the default with respect to the ineffective assistance of counsel claim which he argues in his supporting memorandum. According to petitioner, appellate counsel should have included the claim in the Petition for Review because it was clear that petitioner wished to pursue it. While ineffective assistance of counsel may constitute "cause" to excuse a default, there is no constitutional right to counsel in a PCR proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987). Realizing this, petitioner couches his

argument in agency terms, asserting that counsel ceased to act as his agent during the appeal when he failed to include the ineffective assistance of counsel claim in the Petition for Review.

I previously rejected such an argument in *Fernandez v. Hill*, CV. 03-12-MO (October 12, 2004). Several other Judges in this District have also rejected this agency argument. *See Powell v. Czerniak*, 2007 WL 539436 *1 (D.Or., Feb. 13, 2007) (collecting cases rejecting the agency argument); *see also Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999). Accordingly, the court concludes that petitioner has not shown cause and prejudice to excuse his default. As a result, the Petition for Writ of Habeas Corpus is denied.

<u>**CONCLUSION**</u>

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this  8th   day of July, 2009.


 /s/Michael W. Mosman 
          Michael W. Mosman
          United States District Judge


6 - OPINION AND ORDER